IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALENA RUSNAKOVA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-03650 |
| WORLD KITCHEN, LLC | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Alena Rusnakova has brought this products liability action against Defendant World Kitchen, LLC, alleging that on November 11, 2008, she suffered injuries resulting from design and manufacturing defects in a dish that she bought from Defendant (ECF No. 2). Pending before this Court is Defendant's Motion to Dismiss (ECF No. 9) the Plaintiff's Complaint for insufficient service of process, pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. Defendant argues that Plaintiff, who originally filed this action in a Maryland state court, has failed to serve process within 120 days of filing the action, thereby mandating dismissal under Rule 2-507(b) of the Maryland Rules of Civil Procedure.

This Court has reviewed the submissions by both parties and has determined that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant World Kitchen, LLC's Motion to Dismiss (ECF No. 9) is GRANTED and Plaintiff Alena Rusnakova's Complaint (ECF No. 2) is DISMISSED.

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in a plaintiff's complaint must be accepted as true, and those facts must be construed in the light most favorable to the plaintiff.

1

*Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Plaintiff Alena Rusnakova ("Plaintiff") is a resident of Baltimore, Maryland, who bought three dishes designed and manufactured by Defendant World Kitchen, LLC ("Defendant"). Pl.'s Compl. ¶¶ 2, 3. On November 11, 2008, Plaintiff suffered burns on her arms after one of the dishes broke while carrying hot food. *Id.* ¶ 6. Plaintiff alleges that design and manufacturing defects in the dish caused her injuries and is suing Defendant under a theory of products liability. *Id.* ¶¶ 8, 10.

On February 18, 2011, Plaintiff filed her Complaint against Defendant in the Circuit Court for Baltimore City, in which she alleged design defect, manufacturing defect, negligence, and breach of warranty. *See id.* Plaintiff served her Complaint on Defendant on November 9, 2012, over twenty months after she filed the suit. *See* Mot. to Dismiss 3, ECF No. 9. Defendant then removed the suit to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. *See* Notice of Removal, ECF No. 1. On December 20, 2012, Defendant filed the subject Motion to Dismiss for insufficient service of process, citing Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure.[1] In its Motion to Dismiss, Defendant argues that Plaintiff's service of process violated Rule 2-507(b) of the Maryland Rules of Civil Procedure, which requires that process be served within 120 days following the filing of a complaint.

Upon review, this Court finds that Plaintiff has failed to satisfy Rule 2-507(b) of the Maryland Rules of Civil Procedure. Accordingly, Defendant World Kitchen, LLC's Motion to

---

[1] This Court applies Maryland law in its dismissal of this case, because state law governs the sufficiency of process following removal to federal court. *See Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998) (citation omitted) (stating that process properly issued and served under state law remains sufficient after removal); *see also Sharp v. Am. Honda Motor Co., Inc.*, No. 09-2622, 2009 WL 4061761 (D. Md. Nov. 19, 2009); *Carden v. Evenflo Co., Inc.*, No. 03-2129, 2003 WL 22056644 (D. Md. Aug. 28, 2003).

Dismiss (ECF No. 9) is GRANTED, and Plaintiff Alena Rusnakova's Complaint (ECF No. 2) is DISMISSED.

## STANDARD OF REVIEW

Rule 2-507 of the Maryland Rules of Civil Procedure provides that "[a]n action against any defendant who has not been served . . . is subject to dismissal as to that defendant at the expiration of 120 days from the issuance of original process directed to that defendant." At any time before thirty days after service of the notice, a plaintiff can request a deferral of dismissal under Rule 2-507(e) with a showing of good cause for the delay in completing service. A litigant meets Rule 2-507(e)'s good cause standard "by proving willingness to proceed with the prosecution of the claim, and that the delay is not completely unjustified." *Reed v. Cagan*, 739 A.2d 932, 936 (Md. Ct. Spec. App. 1999). In addition, the trial court should consider whether the non-movant's delay has "substantially prejudiced the movant." *Id.* Deferring the dismissal of a case under Rule 2-507(e) is at the trial court's discretion. *See Powell v. Gutierrez*, 529 A.2d 352, 355 (Md. 1987).

## ANALYSIS

Defendant argues that Rule 2-507(b) of the Maryland Rules of Civil Procedure mandates the dismissal of Plaintiff's Complaint, because Plaintiff failed to serve process upon Defendant within 120 days of filing her Complaint. State law governs the sufficiency and service of process before removal to federal court. *See Eccles*, 10 F. Supp. 2d at 519 (holding that process properly issued and served under state law remains sufficient after removal). Rule 2-507(b) states that an "action against any defendant who has not been served or whom the court has not otherwise acquired jurisdiction is subject to dismissal as to that defendant at the expiration of 120 days from the issuance of original process directed to that defendant." Under Rule 2-507(e),

3

a court may defer the dismissal of a case if the plaintiff can prove "that the delay is not completely unjustified" and that the delay did not "substantially prejudice[]" the defendant. *Reed*, 739 A.2d at 936.

Plaintiff has failed to meet the requirements of Rule 2-507(b), because she did not serve Defendant with the Complaint until twenty months after she filed the lawsuit with the Maryland Circuit Court. The only issue that remains is whether this Court should exercise its discretion to defer the dismissal of Plaintiff's case under Rule 2-507(e). *See id.* at 935 ("When a party seeks dismissal of an action under Rule 2-507 . . . the decision to grant or deny the dismissal is committed to the sound discretion of the trial court.").[2]

Upon review, this Court finds that it would be inappropriate to defer dismissal of this case. Plaintiff admits that she "filed suit in state court just before the earliest conceivable date as of which an argument could be made that limitations had run, even though she knew additional investigation would be required, which resulted in the delay in serving Defendant." Pl.'s Resp. 3. Because this Court finds that Plaintiff filed this action to circumvent the statute of limitations, it does not defer the dismissal of Plaintiff's Complaint under Rule 2-507(e). *See infra* Section A. Moreover, Plaintiff fails to satisfy the two prongs of the *Reed* analysis, because she does not show any reasonable justification for her delay and because Defendant has suffered prejudice. Therefore, this Court dismisses Plaintiff's Complaint pursuant to Rule 2-507(b).

    A.    *Plaintiff Has Not Proffered Any Reasonable Justification for Her Delay*

At the outset, this Court notes Plaintiff's troubling statement that she filed her suit before the limitations period expired on her tort claim because she wanted to be "as safe as possible." Pl.'s Resp. 3. This Court cannot accept such a justification as reasonable. To permit a plaintiff

---

[2] Rule 2-507(e) requires Plaintiff to move for a deferral of dismissal within thirty days after her service of the Complaint. Plaintiff never made such a motion. Nevertheless, this Court considers the merits of Plaintiff's Rule 2-507(e) claim.

to file suit at the end of a limitations period, and then neglect to serve process on a defendant for nearly two years following the expiration of that period, thwarts the policies served by a statute of limitations. Indeed, this Court in *Sharp v. American Honda Motor Co.* reasoned that allowing this type of delay "would frustrate limitations statutes and policies underlying them by permitting a plaintiff to extend the limitations period . . . beyond its expiration." 2009 WL 4061761, at *2. Plaintiff acknowledges that she filed this action to satisfy the limitations period and then delayed her service of the Complaint for over twenty months because "additional investigation [was] required." Pl.'s Resp. 3. This Court finds that this explanation is nothing more than an attempt to circumvent the statute of limitations and dismisses Plaintiff's Complaint under Rule 2-507(b) of the Maryland Rules of Civil Procedure.

Furthermore, Plaintiff does not successfully argue for deferral under the first prong of the *Reed* test, because she has not proffered any valid justification for her delay in serving her Complaint. *See Carden*, 2003 WL 22056644, at *1 (requiring plaintiffs to provide justification for their delay in effecting service). Plaintiff offers two reasons to justify her twenty-month delay in serving process. First, Plaintiff claims that she attempted to locate an expert witness for her case "in the event a court determined that expert testimony was required to establish liability." Pl.'s Resp. 3. Second, Plaintiff avers that she contemplated cosmetic surgery for her scars, which delayed her ability to effect service of process. *See id.* Neither reason demonstrates good cause for a nearly two-year delay.

First, Plaintiff fails to explain why retaining an expert witness prevented her from complying with Rule 2-507(b), and she further fails to explain why the process of finding an expert witness took over twenty months. She merely asserts that she "was seeking to find an expert witness to bolster her case" and that "[t]his has now been accomplished and the case can

proceed expeditiously." Pl.'s Resp. 3. Plaintiff utterly fails to provide any compelling rationale that serves as a "reasonable justification for the delay in effecting service." *Sharp*, 2009 WL 4061761, at *2. There is no reason to think that securing an expert witness would require delaying service of process, and Plaintiff offers no explanation that connects her delay in effecting process with her trial preparation. As this Court in *Sharp* has previously found, "it is paradoxical for [a plaintiff] to claim that [she has] been unable to serve process upon Defendant because [she was] in the process of preparing for litigation." *Id.* Thus, Plaintiff cannot succeed on her claim that dismissal should be deferred under Rule 2-507(e) because she was attempting to find an expert witness.

Similarly, contemplation of surgery did not bar Plaintiff from serving process. In her Response, Plaintiff simply asserts that she has decided against surgery and that "her medical case is complete, which will expedite discovery as well." Pl.'s Resp. 3. Plaintiff offers no reason explaining why her consideration of surgery for a period of nearly two years prevented her from serving process upon Defendant. Instead, she merely makes the conclusory assertion that her delay "was not wholly without justification" under Rule 2-507(e). *Id.* at 4. This Court cannot accept these unreasonable explanations tendered by Plaintiff. *See Sharp*, 2009 WL 4061761, at *2 (requiring an "acceptable reason for the delay in serving" the defendant); *see also Union Mem'l Hosp. v. Dorsey*, 724 A.2d 1272, 1282 (Md. Ct. Spec. App. 1999) (noting that deferment is appropriate in cases in which the parties are attempting to settle or an attorney assigned to a case moves to another firm). Without a legitimate basis for her claim, Plaintiff does not successfully argue for deferral under Rule 2-507(e).

B. *Plaintiff's Delay Has Caused Substantial Prejudice to Defendant*

Even if Plaintiff proffered an acceptable reason for her delay, her claim fails to meet the second prong of *Reed*, which considers the prejudice caused to Defendant. *See Reed*, 739 A.2d at 936. Plaintiff argues that the burden is on Defendant to show prejudice resulting from Plaintiff's delay in serving process. *See* Pl.'s Resp. 4. Defendant provides valid examples of prejudice that it suffered because of Plaintiff's delay, such as the fact that Plaintiff has discarded the broken dish that allegedly caused her injuries. *See* Def.'s Reply, Ex. A. Without the dish in question, Defendant lacks the ability to properly investigate Plaintiff's claim by performing forensic analysis on the dish. *See id.* at 2-3. Moreover, Defendant must rely almost exclusively on eyewitness testimony to investigate Plaintiff's claim, but the possibility of securing witness testimony has faded over time.

Furthermore, even if Defendant had not demonstrated actual prejudice, it would be appropriate for this Court to infer prejudice from the passage of time between the issuance of the summons and Plaintiff's service of the Complaint upon Defendant. *See Reed*, 739 A.2d at 936. Indeed, the court in *Reed* held that "[p]rejudice from delay can exist that is not amenable to specific delineation," because recollections fade and evidence becomes more difficult to obtain with the passage of time. *Id.* Thus, the trial court acted within its discretion in "drawing an inference of prejudice from the [two-year] delay itself." *Id.* In this case, a similarly long period of time has passed between Plaintiff's initiation of the action and service of process. Here, as in *Reed*, this delay is likely to have caused evidentiary problems as recollections fade and evidence becomes more difficult to obtain. *Id.* Thus, even if Defendant had not proven actual prejudice, this Court would infer prejudice by virtue of Plaintiff's unreasonably long delay.

In sum, this Court finds that Plaintiff has attempted to extend the limitations period on her tort claim by filing her action and then failing to serve Defendant for a nearly two-year period. This Court cannot allow this type of delay, because it "would frustrate limitations statutes and policies underlying them." *Sharp*, 2009 WL 4061761, at *2. Furthermore, Plaintiff fails to satisfy either prong of the *Reed* test. Accordingly, this Court dismisses Plaintiff's Complaint for failure to satisfy Rule 2-507(b) of the Maryland Rules of Civil Procedure.

## CONCLUSION

For the reasons stated above, Defendant World Kitchen, LLC's Motion to Dismiss (ECF No. 9) is GRANTED, and this case is DISMISSED.

A separate Order follows.

Dated: May 8, 2013

_____/s/_____
Richard D. Bennett
United States District Judge